So why don't we start with the first case which is 20-3090CV Choi's Beer Shop, LLC versus PNC Merchant Services Company. So let me just start by making sure that we have both counsel here and that both of them most importantly can hear each other. So for the appellant do we have Mr. Webb? Yes your honor. And for the lead we have attorney Napolitano here? Yes your honor. Great and I take it you can both hear each other fine? Yes. Yes your honor. Very good. So Mr. Webb I understand you have ten minutes of which you would like to reserve three for rebuttal. Is that right? That's correct. Very well. Would you please proceed then? Yes indeed. May it please the court. Adam Webb here on behalf of plaintiff appellant Choi's Beer Shop which is a mom-and-pop business that signed up with PNC Merchant Services for its debit and credit card processing. Now this case is about the annual fee that was assessed against Choi's but also against over 100,000 other small businesses in violation of the plain terms of PNC's contract. Now the applicable New York statute of limitations is six years so simple math tells us that this case is really about tens of millions of dollars not a hundred dollars. But the complaint is clearly a class complaint seeking to represent all United States customers of PNC Merchant Services that were assessed an annual fee. The complaint sought relief for this class of money damages, prejudgment interest, and declaratory and injunctive relief. The district court however failed to grant any of the class relief. Thus the case is not moot and the court should reverse what happened below. The binding Second Circuit decision is Heisman v. ZocDoc which held that only complete relief would moot a class case and that the complete relief included the class claims. ZocDoc came out in 2018 and settled this very much disputed issue that had been going on in this circuit and others for many years. So Mr. Webb on that point and I think you have zoomed in on one of the primary issues here and I'll be interested in hearing opposing counsel. Is it your view that the mootness of a class representative's claim can never moot the case because as so long as class relief is out there? That is true unless the court has given a it either waived or has been a failure on behalf of the plaintiff. So yes the answer I think the simplest answer is yes that is the that is the proper reading of ZocDoc. Okay and then let me ask you another question about your client in particular. Your client submitted a request or I can't remember the word but specifically sent in a dispute of this charge to the bank. Is that right? Yes a notice of claim. The notice of claim and it was within a matter of days that the bank refunded that directly to your clients account correct? Yes I could quibble with with some of the possibilities there but yes your honor. Well why don't you actually that that is tell me your quibble. Yeah it might be relevant. Well we had a prior case and there is still an ongoing prior case against PNC and in the 2018 time frame that the annual fee charges and allegations were identical as in 2017 as in 2016 and so on. So this automated practice is continuing. In the first case the court held that we had to make use of that notice of claim or else our claims were contractually banned under under under their the PNC contract and so this time when choice was assessed the totally improper fee again we sent the notice as the court had earlier told us we had to do. We had many disputes about that notice of claim provision and its validity but why not just comply with it. So we did and then we filed suit. It's important to note that this is only a notice of claim that's all you have to do is notify the entity within 60 days of understanding that you were assessed a fee that you dispute. We did that it is plain and simple that that's all that was required and so we did not have that contractual bar in this case as we had in others. But you would can see this is Judge Jacobs you you can see it makes no practical difference whether you fail to send notice or whether you send notice and the following morning you start a lawsuit. There is no practical difference what the gist of this notice provision which is very different than other notice provisions is not that you have to give the defendant PNC an opportunity to cure the problem it's that they are free and exempt from litigation if you don't comply with that notice provision so it is very important. What do you suppose the purpose of the notice provision is? Well it saves them a lot of money your honor they they have taken advantage of that in court to argue that very viable otherwise viable claims are defeated you can see that in both the ZamZam appellate decision that this court affirmed which was the same language from the first data contract they're But if you can comply with a notice provision just by sending the notice in the morning and starting a lawsuit in the afternoon I don't see what the purpose of it is. Well I assure you your honor no one is aware of this notice provision it's buried on on page 40 let's say of a very long small print contract but what it is useful for by PNC is escaping from claims as has were aware that this risk was there and of course complied you know 100% with their requirement by sending multiple notices to PNC there is no longer an issue about this contractual ban on this claim. You have a minute left. Ordinarily the purpose of a notice provision that requires notice before commencing litigation is to allow the party to comply. And that's exactly how some of these provisions are worded we include the Evo payment processing contractual provision in our papers your honor and it does say that you can't sue us for 60 days but here that is not in there PNC drafted this and it will always be to write in that kind of very favorable language for them that would get a you know multi-billion dollar company out of this case and so they chose to write it that way it's plain and simple on the documents and we have complied with it in accordance with what the courts had previously directed we had to do. Mr. Webb this is Judge Nardini I know that the bulk of both parties brief is addressed to the mootness based on what you know may be characterized by your adversaries I suppose but not by you at the refund but it would it be your view that we necessarily have to reach the issue of whether the claim for I can't remember which is the 2019 with that was that the fee that's in dispute? 2018 2019 fee is in dispute correct yeah 2019 and and tell me this is it your view that even if the court were to find that that claim were moot that you had nevertheless alleged that PNC programs their computer system to automatically bill these on an annual basis and that your claim would therefore still be alive for for future harm in the sense that you have alleged that it is not a speculative harm is am I accurately characterizing your view or do you think that we one way or the other have to reach the question of the mootness with respect to 2019? No I this case meets the standard for non-speculative requests for declaratory and injunctive relief that we have alleged and we have shown and we can easily show that they have been doing this exact automated invalid process for a long time I actually don't know when it started but I know it's for the last several years this is an ongoing problem it results in over 10 million dollars a year and improper benefit to PNC at the expense of small businesses and we you know have shown with quite a bit of detail in our on our quite detailed complaint that this is an ongoing problem that happens the exact same every year they violate the same provisions every year and we have why it's invalid so I think we do meet that it is not speculative for the court to have said this is a case that's appropriate for injunctive relief and declaratory relief in favor of the plaintiff plaintiff and the class. Is it fair to say that for all you know PNC incurs more than $100 per per client in software costs each year and then it's doing you a favor by charging $100 instead of a specific figure that could be considerably higher? In this instance it's very unique your honor this company is co-owned 60% by PNC Bank and 40% by First Data Fiserv which is the largest payment processor in the world they are the back office for hundreds of entities such as Bank of America Merchant Services or Wells Fargo Merchant Services so there are actually it is is a provable fact that there are no increased technological or systems costs because of the PNC account so we have shown in the complaint to the best of our abilities at this point that there is absolutely no truth to the concept of them having this fee be actually compensating the company for those Okay, well let me just ask, Jacob do you have any other questions or should we I'm fine let's move on to counsel PNC. So Mr. Webb you've reserved three minutes for rebuttal why don't we move to Mr. Napolitano. Thank you your honor may it please the court Gary Napolitano on behalf of Defendant Affiliate PNC Merchant Services Company it is it's not at all surprising that Mr. Webb began his talk with the court today by reference to his aspirations that this be a class action that covers a period of six years and hundreds of millions of dollars the truth of the matter is that there are very good factual legal reasons why that won't be the case some of which the court pointed out today and some which the court may not know but in in a companion case to which Mr. Webb referred the court at the very least found that and plaintiffs concede that that party can't go forward a merchant can't go forward unless it complies with the request for adjustment provision and then if it doesn't it's out of court and and there's there's also a decision on in a lower court to the effect that because the costs have to be assessed as to each year that the annual fee is that that has to be done on a year-by-year basis so this is not a case about six years worth of anything and what it what we really need to focus on is that this case unlike all of the cases that the plaintiff cites in the in the brief is a case that involves a contract and Mr. Webb astutely keeps referring to it as a notice of claim provision but that's not at all what it is he keeps talking about in terms of in terms of what he wished it said but not in terms of what it actually says it is a contract whose heading contemplates adjustments and the language of the contract says to the merchants these aren't these aren't some consumers your honor these these are merchants this is a contract between PNC and a number of merchants and well mr. Napolitano I'm sorry it's judging our Dini I understand that you have a number of you know arguments about what the contract is and and whether this is a refund or not but let me just take a step back to focus at least on the mootness question sure and and let me put this question to you let's assume for the moment that you're right that this is a this is a refund and the one that went directly to the plaintiff's account and it's unlike a rule 67 or rule 68 settlement offer and that it was sufficient to satisfy this plaintiff's individual claim for release let's just posit that for the sake of argument why would that matter in light of the language in Zot Gok where we said that a judgment satisfying an individual claim does not give a plaintiff exercising its right to sue on behalf of others all that it's requested in the complaint meaning relief for the class why isn't that why isn't that really make it all kind of beside the point whether choice beer shop got let's call it a full refund yes your honor Zot Gok is is different for a number of reasons and and the statement that your honor referred to has to be read in the context of what the Zot Gok opinion said otherwise because there was a great deal of emphasis on Zot Gok on a number of points that are dramatically different from the situation here and so you're right we don't have a rule 68 settlement offer which was rejected we don't have a rule 67 payment into account which was rejected or rebuffed we have a refund directly into the merchants bank account and it's still there 18 months later it's still there the merchant pursuant to the contract asked for something no matter I guess my point is let's accept that premise let's say you don't need to convince us we agree that was a refund and that individually choice beer shop has had all of their individual interests a hundred percent satisfied let's even posit into the future and my question is tell me how the language that I talked about in Zot Gok doesn't keep the case alive because part of the relief the individual claimed was on behalf of the class and that class relief was not granted I guess that's what I'd like you to focus on sure I understand your honor and that discussion of the relief on behalf of the class was a discussion around the concern of putting the defendant in the driver's seat and dictating whether the case could go forward and refer to concepts as the plaintiff has argued vigorously around a strategic pickoff attempt and that's not what happened here at all if the contract has to mean something it's not a strategic pickoff it is parties acting pursuant to contract here's the thing your honor you keep using the word strategic but doesn't have to be strategic I mean it doesn't have to be a finding as to the defendant's ill intent or simply that that that a payment has been made that has the the effect perhaps incidental though that would usually be unusual but it perhaps incidental that that the that the one plaintiff who's seeking class action status is now happy your honor whether I agree in the sense that whether a payment is strategic or not there's really no law to suggest that claiming bringing a class action somehow satisfies the case of case or controversy requirement I mean what we have is case law where the class is already certified then the courts take the attitude that well there's this independent interest out there and then the Supreme Court went on to say well we're class certain is denied then you know it might have been wrong and for that reason even a mooted plaintiff needs to be able to challenge that but what what's being argued here is just by virtue of claiming that this should be a class action which it manifestly should not forces the conclusion that there is a case of controversy regardless of whether the named plaintiff has standing and the case law is really clear that if the claims of the named plaintiffs become moved prior to class certification the entire action becomes moot I mean that's what Comer's versus Cisneros said that's what Muhammad versus City of New York said in this district and there's there's really no law to change that the rules of federal the federal procedure and counsel's aspirations cannot change the fact that you need an actual case or controversy is none here under the law including under Zot Doc because the cases are so dramatically different and the rules of civil procedure and plaintiff's aspirations cannot change the substantive contractual rights of the parties and that's what they're really I believe you are contending and and will contend if the case continues that these software charges are legitimate correct yes well if that is so then they're going to continue then they'll be levy next year and the year after that so how can you say that it's all been mooted there is there isn't a a petition here for declaratory relief a couple of things your honor I want to add that that's a very good question a couple things in response at first I want to add that in Zot Doc there was a pending motion for class certification and the court relied heavily on on that point but going back to your question your honor there's actually no record of your premise your honor there is zero record that these fees are going to be charged in the future as to choice and the truth of the matter is there cannot be a record that these fees are going to be charged in the future as to all merchants so that's rank speculation that wasn't even played but you know you just said that it's legitimate I mean maybe it is legitimate if so then there's a legitimate question but that question is not a moot question the the charge is legitimate the supposition that the charge is going to go on into the future as to choice or all merchants is is not accurate and it's not in the record well just because I so I'm sorry judge Giardini I thought there was and I'm digging through here and I apologize here it is I think it's in in the complaint I thought it's page 5 of the appendix isn't there an allegation by choice beer that defendant has programmed its computer systems to always assess annual fees in less than 30 days notice and the fees are imposed as a planned yearly release isn't that the allegation now you may say well that's just a lie and when we get into discovery we'll prove that that's a lie and that that never happened it's counterfactual but am I incorrect that that was an allegation in the complaint no your honor you read the allegation correctly and to say that the NC programmatically charges it you're right I mean setting aside the factual dispute that we have with that that that is not a pleading as to what's going to happen in the future and if it was a prediction of the future it's not accurate but if you were getting into accuracy we're getting into summary judgment land right well I'm saying that it wasn't it's not a pleading as to what's going to happen in the future and there's no basis are in there's no no there's no bait I'm sorry just wait a minute I just want to make sure we're reading the same part the fees are imposed as a planned yearly release how is that not alleged again just we got to accept it as true because here we are at the pleading stage how does that statement not be read to predict the future that it's a planned yearly release well your honor I guess you could you could say that by saying that it has done been done in the past they anticipate that it will be done in the future there is no allegation that the fee would be charged into the future as to the name plaintiff choice and if we are talking about this because we're talking about the prospect of injunctive relief saving standing in this case with the plaintiff has to show is that there is certainly impending harm and there are two reasons why that can't be shown your honor if I met first of all your time has expired yeah but please go ahead and finish your your response mission to Paula Tano thank your honor first of all in order to show that that they're entitled to injunctive relief again the harm has to be certainly impending here we don't have an illegal fee we have a fee that is permitted by the contract and in order to challenge it with the injunction would have to say it's not that you can't charge the fee because everybody admits that you're allowed to charge the fee you'd actually have to enjoin charging the fee unless it's reasonable to defray the cost so you're talking about enjoining a moving target based on what the cost might be year after year after year and you're doing it on a record where the lower court knew full well that there was an adjustment provision and knew that in the prior case to which mr. web alluded a refund was given to another merchant prior to there even being any litigation so it's pretty clear that those refunds are given and that they're available and finally your honor that the idea that they could get injunction relief remember this is a commercial contract where money damages can compensate them and so there is no redress ability the third prong of the standing inquiry there's no redress ability that where the the injunction is such that the by the requested relief and that's in Comer versus Cisneros they just can't get there but what about a declaratory judgment I mean you're talking about an injunction an injunction of course should be used to enforce the declaratory judgment if the declaration if the substance of the declaration is ignored but here I think the choice beer is saying that we are worried about this happening and it's happened in the past and and you're part of your computer the program to do it so we need a declaration that you can't do it your honor that would be the I'm sorry I know why wouldn't that be sufficient to avoid mootness well that would be the ultimate advisory opinion your honor because what you're really talking about it's a declaratory judgment as to what that you shouldn't charge a fee that's contemplating the contract in a way that exceeds the cost that you might have next year and so it's really just a a statement in going forward do what your contract says and there's there's really no basis for declaratory judgment on those grounds otherwise every case would have standing every time someone did wanted to challenge a contract and how would be executed I would be performed on board and here that even worse because that performance is based on facts that haven't yet developed and that is the cost in the coming years it's just completely appropriate for declaratory relief thank you very much Mr. Napolitano Mr. Webb you have reserved three minutes for your rebuttal yes thank you first let me point out and and emphasize as strongly as possible that in this case unlike many cases at the pleading stage we have voluminous information about the ongoing nature of this practice it has been litigated in this case and another case for several years now we know the annual fee practices were identical they are programmed in and an automated release that assesses these fees against tens of thousands of customers in the exact same fashion every single time it is against the terms of the contract and we have talked to insiders at the company you can see from the complaint that have told us about this practice and that it is a planned release obviously incredibly profitable to the company but I would be remiss without also confirming something that the court has suggested and it's questioning which is that if you look at what was in place before you can see that this case would also be appropriate for reversal judge Katzmann decision in Tennessee vs. New Alliance Bank would also dictate that result if there's not a judgment giving the plaintiff all the relief they seek then the case should be reversed there is no mootness issue please look at the judgment for the defendant nothing is given nothing to the plaintiff whatsoever and so as a simple even maybe perhaps simpler metal matter just enforcing the holding of tenacity this court should reverse on the basis of the individual claims also not being moot thank you very much thank you to both counsel that was very well argued in in very helpful so we're we're grateful to both of you and we'll take that a reserved decision